IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, | |
| Plaintiff, | 1:10 CV 00380 AWI MJS (PC) |
| vs. | FINDINGS AND RECOMMENDATION RE |
| | REQUEST TO PROCEED IN FORMA PAUPERIS |
| KELLY HARRINGTON, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this action pursuant to 42 U.S.C. § 1983 against correctional officials employed by the CDCR at Kern Valley State Prison. Plaintiff's complaint makes vague allegations regarding allegedly unsuccessful attempts to

participate in the inmate appeals process and regarding his medical and psychiatric treatment.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on three prior occasions, brought civil actions challenging the conditions of his confinement.  All three action were dismissed for failure to state a claim upon which relief can be granted.  Blackman v. Harwell, et al., 99-5822 REC HGB P (E. Dist. Cal.)(dismissed on March 12, 2001, for failure to state a claim upon which relief could be granted); Blackman v. Medina, 05-CV-05390-SI (N. Dist. Cal.)(dismissed on March 13, 2006, for failure to state a claim upon which relief could be granted); Blackman v. Variz , 06-CV 06398 SI (N. Dist. Cal.)(dismissed December 18, 2006, for failure to state a claim upon which relief could be granted.   Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.   There are no such facts alleged in complaint filed in this case.  Accordingly, on March 11, 2010, an order to show cause was entered, directing Plaintiff to show cause why he should not be denied leave to proceed in forma pauperis.   Plaintiff has not filed a response to the order to show cause.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma pauper be denied, and Plaintiff be directed to submit the $350 filing fee in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 12, 2010**               /s/ Michael J. Seng
                                  UNITED STATES MAGISTRATE JUDGE